IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:02CR3040 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| THOMAS EDWARD BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's objection.

IT IS ORDERED that:

(1)   The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)   The defendant's objection (filing 101) regarding an uncounseled misdemeanor conviction (filing 101, ¶ 1 first sentence), and his motion for departure or deviation (filing 101 ¶ 2) regarding exceptional family ties and responsibilities, overstatement of criminal history, post-offense rehabilitation, mitigating role and a

combination of factors will be resolved at sentencing.

(3)     The defendant's objection (filing 101¶ 1, second and third paragraphs) is sustained and Bailey shall be given a 2-level reduction for mitigating role. Although he was only charged with possession, and, as the probation officer correctly points such a reduced charge is relevant to the analysis of role, Bailey is clearly less culpable than <u>other possessors</u> of child pornography. This is because Bailey viewed (frequently only for seconds) the pornographic images and he did not intentionally save most of them (Report of Marcus K. Lawson, (January 4, 2003)) and the government acknowledges that the defendant "did not take steps that have been normally associated with possessing child pornography" and "[t]his distinguishes his case from others that have been prosecuted in this district." (PSR ¶ 16.) Given the number of images (about 40), Bailey is not, however, among the least culpable of this group of offenders (possessors but not traffickers) and therefore he is not entitled to a greater role reduction.

(4)     The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(5)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(6)     Absent submission of the information required by paragraph 5 of this order, my tentative findings may become final.

(7)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED April 25, 2005.

                                           BY THE COURT:

                                           s/ Richard G. Kopf
                                           United States District Judge