UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
      **Plaintiff**

v.

**THOMAS EDWARD BAILEY**
      **Defendant**

_____

Case Number 4:02cr3040

USM Number 17490-047

John C. Vanderslice

Defendant's Attorney

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count I of the Second Superseding Indictment on 2/16/05.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 18 USC 2252(a)(4)(B) POSSESSION OF CHILD PORNOGRAPHY | December 21, 2001 | 1ss |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count II of the Second Superseding Indictment is dismissed on the motion of the United States .

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
May 12, 2005

s/ Richard G. Kopf
United States District Judge

May 17, 2005

Defendant: THOMAS EDWARD BAILEY                                                                                   Page 2 of 7
Case Number: 4:02cr3040

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: THOMAS EDWARD BAILEY  Page 3 of 7
Case Number: 4:02cr3040

# PROBATION

The defendant is hereby sentenced to probation for a term of **five (5) years**.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two period drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

Defendant: THOMAS EDWARD BAILEY  
Case Number: 4:02cr3040

Page 4 of 7

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

### SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in the Home Confinement Program under electronic monitoring for a period of **One (1) Year**.  Home confinement shall commence according to a schedule arranged by the Home Confinement Specialist for the District of Nebraska.  The defendant shall comply with the provisions of the Home Confinement Participant Agreement for the District of Nebraska and shall pay for the costs of electronic monitoring.  The defendant shall be permitted to work while on home confinement.

2. The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation officer to determine the presence of controlled substances, firearms**, computer equipment**, **sexually explicit material**, or any other contraband.  Any such items found may be seized by the United States Probation officer.  This condition may be invoked with or without the cooperation of law enforcement officers.

3. The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to the Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of 2004), if such sample was not collected during imprisonment.

4. The defendant shall participate in and follow the rules of sex offender treatment as directed by the Probation Office, and shall submit to clinical polygraph testing whenever so directed by the Probation Office.  The defendant shall contribute to or pay the entire cost of sex offender treatment and/or polygraph testing in an amount to be determined by the Probation Office, based on your ability to pay.  Sex offender assessments and treatment shall be conducted by therapists and polygraph examiners approved by the Probation Office, who shall release all reports to the Probation Office.  Any results of a polygraph examinations would not be used for the purpose of revocation of Supervised Release.  Polygraph results will be reported by the Probation Office to appropriate treatment personnel. If disclosure is required by mandatory reporting child abuse or child sexual abuse laws polygraph results will be reported to appropriate law enforcement and related agencies with the approval of the Court.  If polygraph results reveal possible new criminal behavior this will be reported to the appropriate law enforcement and related agencies after obtaining approval from the Court.

5. The defendant shall sign releases of information to allow all professionals and law enforcement officials involved in the assessment, treatment, and behavioral monitoring of the defendant to communicate and share documentation with each other.

6. The defendant shall not view or possess any form of pornography, sexually stimulating or sexually oriented material including books, videos, magazines, cut-outs or pornography of any kind as deemed inappropriate by the probation officer and/or treatment staff.  The defendant shall not enter any location where pornography or erotica are the primary products for purchase or viewing.  Furthermore, the defendant shall not enter any location where the primary function is to provide adult entertainment.

7. The defendant shall refrain from associating with anyone engaged in the exploitation of minors, known or unknown to local or federal law enforcement.

Defendant: THOMAS EDWARD BAILEY  Page 5 of 7
Case Number: 4:02cr3040

8. The defendant shall not have contact with any child under the age of 18 unless accompanied by a responsible adult who is aware of your conviction and supervision status, and who has been approved in advance by the Probation Office. Contact includes, but is not limited to, physical contact, verbal communication, written communication, and/or electric communication such as e-mail. Contact also includes congregating and/or loitering around school yards, playgrounds, swimming pools, arcades, zoos, or other places frequented by children under the age of 18. Incidental contact that you might have in normal daily commercial life such as, but not limited to, making purchases of merchandise at a retail establishment, is permissible. **The contact with the defendant's children and the children of the defendant's fiancee will be permitted without supervision unless new information is received that would indicate that this contact is unsafe to any of them.**

9. The defendant may not obtain employment or volunteer where you would be supervising, working with or associating with persons under the age of 18, or where he would have access to on-line capabilities such as the 'Internet' unless approved in advance and in writing by the probation officer.

10. The defendant shall not have access to or possess a computer at home or elsewhere without the prior written approval of the U. S. Probation Office.

11. Pursuant to 18 U.S.C. 3563(a), 3583(d) and 4209 as a mandatory provision of supervised release, an offender convicted of any of the Federal sex offenses described in 18 U.S.C. 4042(c)(4), must register as a sex offender, and shall report to his supervising U.S. Probation Officer the address at which he resides as well as any subsequent change of address. **The defendant shall not move without prior permission of his supervising probation.**

12. The defendant shall provide the United States Probation officer with access to any requested financial information including income tax returns, credit card statements, phone bills, and checking/savings accounts.

13. Pursuant to 18 U.S.C. § 3563 (a) (5), the defendant shall submit to a drug test within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substances in an amount determined by the probation officer. Further, the defendant shall submit to such testing as requested by any United States Probation officer to detect the presence of controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances. Based on the defendant's ability to pay, the defendant shall pay for the collection of urine samples to be tested for the presence of controlled substances in an amount determined by the probation officer.

14. The defendant shall report to the United States Probation office for the District of Nebraska between the hours of 8:00am and 4:30pm, 111 South 18th Plaza, Suite C79, Omaha Nebraska, (402) 661-7555, within seventy-two (72) hours of being placed on probation and, thereafter, as directed by the probation officer.

Defendant: THOMAS EDWARD BAILEY  Page 6 of 7
Case Number: 4:02cr3040

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $10,000.00 | |

## FINE

A Fine in the amount of $10,000.00 is imposed.  The fine may be paid in installments and the probation officer may establish, and reestablish, if necessary, a schedule for the payment of said fine over the course of the probationary period.  The court waives the payment of interest on said fine because the defendant does not have the ability to pay such interest.

.

## RESTITUTION

No restitution was ordered.

Defendant: THOMAS EDWARD BAILEY                                                           Page 7 of 7
Case Number: 4:02cr3040

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the court orders that payment of the total criminal monetary penalties shall be due as follows:

> The defendant shall pay the special assessment in the amount of $100 and a fine in the amount $10,000.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer or the United States attorney.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, P.O. Box 83468, Lincoln, NE 68501.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court. In the event a defendant is able to make a full or substantial payment toward the remaining criminal monetary penalty, he or she shall do so immediately.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk